ADAMS, Justice
(dissenting):
I would grant rehearing. I agree with the majority that the theory of strict liability applicable to blasting damage adopted by this Court in Harper[1] (the point implicitly referenced in this per curiam affirmance) was not presented to the trial court. Understandably, Appellants prefer the opportunity to retry their case under the newly adopted “Restatement” theory; but, as the majority correctly holds, this theory cannot be raised for the first time on appeal.
I believe there is another issue, however, which was properly raised and which has not been addressed: the propriety of the trial court’s rejection of Plaintiff’s motion for a directed verdict on the trespass claim. To be sure, I understand the majority’s reliance on this point, the majority being of the view that a factual issue was presented under the Borland[2] definition. Yet, speaking only for myself, I would welcome the opportunity to pursue a further consideration of whether we should extend the Bor-land principle to explosion cases, even in the absence of substantial injury to the res caused directly by the intruding force. Thus, I would grant rehearing for further consideration of the trespass issue.

. Harper v. Regency Development Company, Inc., 399 So.2d 248 (Ala.1981).

. Borland v. Sanders Lead Co., 369 So.2d 523 (Ala.1979).